**Charles R. LIVECCHI, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, Defendant–Appellee.**

No. 04–6416–CV.

United States Court of Appeals, Second Circuit.

Oct. 27, 2005.

Charles R. Livecchi, Rochester, NY, for Petitioner.

(On submission) Kathleen M. Mehltretter, Acting United States Attorney, Robert G. Trusiak, Assistant United States Attor-

ney, Buffalo, NY, for Respondent, of counsel.

Present: JACOBS, CABRANES, and SACK, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Charles R. Livecchi appeals from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*) dismissing his complaint for failure to prosecute. Livecchi filed his complaint against, *inter alia*, the United States Department of Housing and Urban Development ("HUD") on November 12, 2002, seeking relief for alleged wrongdoing related to the foreclosure of his HUD-insured realty. HUD filed a timely answer. Livecchi did nothing to pursue the claim. On August 20, 2004, the district court entered an order to show cause pursuant to Western District of New York Local Rule 41.2, directing the parties to advise the court of the status of the case by September 10, 2004 and advising the parties that failure to respond could result in dismissal of the case for failure to prosecute. Livecchi did not respond to the order. We assume the parties' familiarity with the facts, the procedural context, and the specification of appellate issues.

"Our review of a district court's decision to dismiss an action for failure to prosecute is limited to whether the court abused its discretion." *See Shannon v. General Elec. Co.*, 186 F.3d 186, 193 (2d Cir.1999). We consider five factors: "[1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district

judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001) (internal quotations omitted). We also keep in mind that a Rule 41(b) dismissal is "a harsh remedy to be utilized only in extreme situations," especially with respect to a *pro se* litigant who "should be granted special leniency regarding procedural matters." *Id.* (internal quotations omitted).

Even according Livecchi the special consideration afforded to *pro se* litigants, we conclude that the district court did not abuse its discretion. First, Livecchi did not pursue his claim for over a year and gave no adequate excuse for his inactivity. Second, the district court's August 20, 2004 order provided him with specific instructions for complying, and gave adequate warning that failure to comply could result in dismissal. Finally, the events at issue in Livecchi's complaint occurred in 1992; after thirteen years, further delay in prosecuting this claim will likely prejudice HUD. In sum, the district court provided Livecchi ample opportunity to pursue his claim, but he declined to do so.

For these reasons, the decision of the district court is **AFFIRMED.**