14-938-pr
*Lewis v. Frayne*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

---

Kacey Lewis,

> *Plaintiff-Appellant,*

> v.                                                                                          14-938-pr

Mark Frayne, M.D., *et al.*,

> *Defendants-Appellee*s.

---

**FOR PLAINTIFF-APPELLANT:**              Kacey Lewis, *pro se*, Uncasville, CT.

**FOR DEFENDANTS-APPELLEES:**          Terrence M. O'Neill, Assistant Attorney General, *for* George Jepsen, Attorney General for the State of Connecticut, Hartford, CT.

Appeal from a judgment and order of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's February 20, 2014 order is **VACATED** and the case is **REMANDED** to the district court for further proceedings consistent with this order.

Appellant Kacey Lewis, proceeding *pro se*, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to prosecute, and its order denying reconsideration of the same. On March 7, 2013, the District Court issued a Scheduling Order which stated that "discovery [was] due by 9/1/2013, Dispositive Motions due by 10/1/2013." Nearly four months after the dispositive motion deadline passed, on January 23, 2014, the District Court asked Lewis to show good cause for his failure to diligently prosecute his case. Lewis submitted a response ten days later, in which he stated that he never received the scheduling order and this caused his non-compliance. Thereafter, the District Court dismissed the case and denied Lewis' motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." Before dismissing a case under Rule 41(b), the district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quotation omitted). Generally, no single factor in the analysis is dispositive. *Id.*

2

We review a district court's dismissal under Rule 41(b) for an abuse of discretion in light of the record as a whole. *Alvarez v. Simmons Mkt. Research Bureau, Inc.*, 839 F.2d 930, 932 (2d Cir. 1988). While appellate review for an abuse of discretion generally "suggests great deference….[i]n this context[] we have recognized that dismissal is a harsh remedy and is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Indeed, our review must be mindful that such dismissals are "the harshest of sanctions" and dismissal should be preceded "by particular procedural prerequisites," including "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (collecting cases). "[P]*ro se* plaintiffs should be granted special leniency regarding procedural matters," and their claims should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted). Indeed, when dealing with a *pro se* plaintiff, courts should be especially hesitant to dismiss claims for procedural deficiencies. *Lucas*, 84 F.3d at 535.

For the reasons that follow, we vacate the district court's dismissal order because its decision constitutes an abuse of discretion.[1] As in *LeSane* and *Baptiste*, "the record contains no indication that the district court considered any of [the required] factors in reaching its decision to dismiss plaintiff's case for failure to prosecute." *Baptiste*, 768 F.3d at 217 (internal quotation marks omitted) (alteration in original); *LeSane*, 239 F.3d at 209. And while "we do not expect district courts to make exhaustive factual findings . . . a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Baptiste*, 768 F.3d at 217 (internal quotation marks omitted) (alteration in original).

---

[1] We also grant Lewis' motion to strike the addendum contained in the defendants' appellate brief, as those documents were not part of the record on appeal. *See* Fed. R. App. P. 10(a)(1) (defining record on appeal as, in relevant part, "the original papers and exhibits filed in the district court"); *Loria v. Gorman*, 306 F.3d 1271, 1280 n.2 (2d. Cir. 2002) ("Ordinarily, material not included in the record on appeal will not be considered.").

Here, the only warning Lewis received that his case might be dismissed pursuant to Rule 41(b) was in the district court's order to show cause: "This case may be dismissed by order of the court if you do not respond by 2/14/14." This notice was insufficient for three reasons. First, the notice did not warn him that his case "would be dismissed if there was *further* delay," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004), rather, it warned only that his failure to respond to the order *could* result in dismissal. Second, Lewis did timely respond when he stated that he never received the court's scheduling order and asked that the court send him a copy.

Third, the court's order to show cause appears to conflict with the district court's local rules. Local Rule 41(a) of the District of Connecticut, in relevant part, provides:

> In civil actions in which no action has been taken by the parties for six (6) months or in which deadlines established by the Court pursuant to Rule 16 appear not to have been met, the Clerk shall give notice of proposed dismissal to counsel of record and pro se parties, if any. If such notice has been given and no action has been taken in the action in the meantime and no satisfactory explanation is submitted to the Court within twenty (20) days thereafter, the Clerk shall enter an order of dismissal.

D. Conn. Local R. Civ. P. 41(a). When we have interpreted this local rule in the past, we noted that "[f]ar from placing [the plaintiff] on notice that his case was subject to dismissal due to further delay, this rule suggested that [he] would receive notice from the clerk prior to any dismissal" and that "once he received such notice, dismissal would occur only if he both (a) failed to take 'action in the meantime' *and* (b) failed to submit a 'satisfactory explanation.'" *Drake*, 375 F.3d at 256. Here, Lewis both took action and submitted an explanation consistent with the local rule, but his case was still dismissed.

Moreover, while "prejudice to defendants resulting from unreasonable delay may be presumed," *LeSane*, 239 F.3d at 210 (quotation omitted), there is no evidence in the record that Lewis' delay, to the extent he was responsible for any, caused any particular, or specially burdensome, prejudice to the defendants beyond the delay itself. There are, for example, no

4

indications that the delay increased the litigation costs the defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits.  Indeed, the defendants do not assert in their appellate brief that they were prejudiced in any manner.

Finally, there is no indication that the district court considered imposing any lesser sanction. While "district courts are not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record," *S. New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010), the overall record does not support this approach here. Rather, the district court had "the means to move [the] case forward efficiently without the cudgel of extreme sanctions." *Baptiste*, 768 F.3d at 219.  Lewis did not willfully ignore court orders or fail to respond to motions or discovery requests.  Thus, this was not an "extreme situation[]" that could only be remedied with the "harshest of sanctions." *Mitchell*, 708 F.3d at 467.

## <u>CONCLUSION</u>

In sum, the balancing of the factors governing Rule 41(b) dismissals shows that Lewis' case should not have been dismissed.  Accordingly, we **VACATE** the dismissal order and **REMAND** to the district court for further proceedings consistent with this opinion.  Lewis' challenge to the denial of his reconsideration motion is dismissed as moot in light of our decision to vacate the district court's dismissal order. Finally, we also grant Lewis' motion to strike the addendum contained in the defendants' appellate brief.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5