**NJASANG NJI, Plaintiff,**

v.

**Todd TRYON, Assistant Field Office Director, BFDF, and Michael Phillips, Field Office Director, BFDF, Defendants.**

**No. 6:14–CV–6096 EAW.**

United States District Court, W.D. New York.

Signed June 4, 2015.

Njasang Nji, New York, NY, pro se.

Michael S. Cerrone, U.S. Attorney's Office, Buffalo, NY, for Defendants.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

*Pro se* Plaintiff Njasang Nji ("Plaintiff") commenced this lawsuit on February 28, 2014, alleging violations of 42 U.S.C. § 1983. (Dkt. 1). Plaintiff filed an amended complaint on April 18, 2014. (Dkt. 4). On August 7, 2014, Hon. David G. Larimer, United States District Judge, dismissed defendants Chief Valade, Janet Napolitano, and Eric Holder from the case. (Dkt. 5). The Court also directed the Clerk of the Court to file Plaintiff's papers, and to cause the United States Marshal to serve copies of the summons, amended complaint, and the order upon defendants Todd Try on and Michael Phillips. (*Id.* at 7). The docket reflects that a copy of the order, United States Marshal forms, and summonses were mailed to Plaintiff to fill out and return. Copies of these documents were also sent via certified mail to the Attorney General of the United States and the United States Attorney for the Western District of New York. On September 3, 2014, Plaintiff sent correspondence to the *pro se* office, requesting that his case "be tried as soon as possible...." Assistant United States Attorney Michael S. Cerrone filed a notice of appearance on behalf of defendants Tryon and Phillips on October 31, 2014. (Dkt. 6). No action was taken in the case thereafter, other than reassignment of the case to the undersigned on January 5, 2015. (Dkt. 7).

On March 10, 2015, the Court issued an Order to Show Cause directing Plaintiff to set forth in writing by April 30, 2015, through a sworn affidavit his intention to continue to pursue his action, and the reasons that the Court should not dismiss the case for failure to prosecute, including his failure to serve the amended complaint (the "March 10th Order"). (Dkt. 8). The March 10th Order also informed Plaintiff that failure to comply with the Order would result in the dismissal of his action. (*Id.* at 3).

Over two months have passed since the March 10th Order was issued, and Plaintiff has not responded to the Order, nor has he contacted the Court regarding his case.

Fed.R.Civ.P. 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order...." Fed.R.Civ.P. 41(b). "Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte.*" *Pagan v. City of Rochester*, No. 13–CV–6150T, 2015 U.S. Dist. LEXIS 41242, at *3 (W.D.N.Y. Feb.13, 2015) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)), *adopted*, 2015 U.S. Dist. LEXIS 39546 (W.D.N.Y. Mar. 27, 2015). "While a harsh remedy, the rule is 'intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload.'" *Mack v. Rochester City Sch. Bd.*, No. 14–CV–6262–FPG, 2015 U.S. Dist. LEXIS 40445, at *4 (W.D.N.Y. Mar. 30, 2015) (quoting *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004)). Before dismissing a case pursuant to Rule 41(b), the district court must weigh five factors:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Frayne*, 595 Fed.Appx. 35, 36 (2d Cir.2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.2014)). "Generally, no single factor in the analysis is dispositive." *Lewis*, 595 Fed.Appx. at 36.

Further, the Court is aware that the Second Circuit Court of Appeals has indicated that "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Baptiste*, 768 F.3d at 217 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001)).

With regard to the first factor, Plaintiff's noncompliance with Court orders began in

August 2014, when he failed to fill out and return to the United States Marshal the summonses directed to defendants Tryon and Phillips. In the March 10th Order, the Court brought to Plaintiff's attention his failure to serve the complaint on defendants Tryon and Phillips, and his failure to take any action on his case since April 18, 2014. (Dkt. 8 at 2). Regarding the second factor, Plaintiff was on notice that his failure to comply with the March 10th Order would result in dismissal. The March 10th Order stated that Plaintiff's failure to show cause in writing through a sworn affidavit his intention to continue to pursue his action would result in the dismissal of his case. (*Id.* at 3). Despite this warning, the Court has not received any response from Plaintiff.

With regard to the third factor, due to Plaintiff's failure to take any action to move his case forward, the case has been unnecessarily delayed. There is no indication that Plaintiff intends to participate in his case in the future, as over one year has passed since Plaintiff took any meaningful action on his case. *See Crawn v. Town of Wallkill,* No. 07 Civ. 1032(GAY), 2013 WL 3227216, at *2, 2013 U.S. Dist. LEXIS 89985, at *5 (S.D.N.Y. June 26, 2013) ("[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed his mind or the court lost patience.") (citation omitted); *see also Peart v. City of N.Y.,* 992 F.2d 458, 462 (2d Cir.1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law . . . .").

As directed by the Second Circuit Court of Appeals, the Court has considered the fourth factor, and balanced its own interest in managing its docket against Plaintiff's interest in receiving an opportunity to be heard. The March 10th Order afforded Plaintiff the chance to pursue his claims, despite his failure to timely serve defendants Tryon and Phillips. Plaintiff did not avail himself of this opportunity. It "is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Crawn,* 2013 WL 3227216, at *2, 2013 U.S. Dist. LEXIS 89985, at *5 (citation omitted).

Finally, as to the fifth factor, since Plaintiff has failed to respond to the March 10th Order or otherwise contact the Court regarding his case, there is no less-drastic sanction that could be imposed that would be effective under the circumstances.

Other courts have found dismissal to be appropriate when a plaintiff has failed to take any action on his or her case for a substantial period of time. *See Livecchi v. U.S. HUD,* 153 Fed.Appx. 16, 17 (2d Cir. 2005) (one-year delay in prosecuting case was proper ground for dismissal); *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir. 1999) (affirming dismissal where the plaintiff took no action to further his case for almost two years and failed to respond to order to show cause); *West v. City of N.Y.,* 130 F.R.D. 522, 526 (S.D.N.Y.1990) (dismissal appropriate where the plaintiff failed to take "any substantial steps to move his case forward" for 19 months). Further, many courts have found dismissal proper based on the plaintiff's failure to effectuate service on named defendants. *See United States v. Palencar,* No. 3:14–CV–733 (TJM/DEP), 2014 U.S. Dist. LEXIS 176181, at *4–6 (N.D.N.Y. Sept. 23, 2014) (dismissing case pursuant to Fed.R.Civ.P. 41(b), based on the plaintiff's failure to arrange for service or provide an explanation for that failure, or request an extension), *adopted,* 2014 U.S. Dist. LEXIS 175865 (N.D.N.Y. Dec. 19, 2014); *Milonopoulos v. Trs. of Columbia Univ.,* No. 14–CV7241(VSB), 2014 U.S. Dist. LEXIS 127241, at *4 (S.D.N.Y. Sept. 10, 2014) ("If within 120 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.").

Because Plaintiff has not taken any action on his case since April 18, 2014, and because he failed to respond to the Court's March 10th Order, I find that dismissal is appropriate based on the facts of this case. "[T]his is not a case in which there is a basis in the record for the Court to exercise its discretion to grant an extension in the absence of good cause . . . ." *Texidor v. N.Y.C. Dep't of Corr.,* No. 14–CV–7893 (AT)(JLC),

2015 WL 3400831, at *1, 2015 U.S. Dist. LEXIS 68247, at *3 (S.D.N.Y. May 27, 2015). This action is hereby dismissed with prejudice, pursuant to Fed.R.Civ.P. 41(b). The Clerk of the Court is directed to close the case.

SO ORDERED.