Madeline LOPEZ, Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 6:14–CV–6351 EAW.

United States District Court, W.D. New York.

Signed June 23, 2015.

Madeline Lopez, Rochester, NY, pro se.

## DECISION AND ORDER

ELIZABETH A. WOLFORD, District Judge.

*Pro se* Plaintiff Madeline Lopez ("Plaintiff") commenced this action on June 25, 2014, seeking review of the final decision of Defendant Commissioner of Social Security ("Defendant"), denying Plaintiff's application for disability benefits. (Dkt. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* at that time. (Dkt. 2). On July 10, 2014, the Court granted Plaintiff *in forma pauperis* status and directed the Clerk of Court to file Plaintiff's papers and to cause the United States Marshal to serve copies of the summons, complaint, and the order upon Defendant. (Dkt. 3). The docket reflects that on July 10, 2014, a copy of the order, United States Marshal form, and summons were mailed to Plaintiff to fill out and return. The docket also reflects that these documents were mailed to Plaintiff a second time on October 28, 2014. It appears

that Plaintiff did not complete and return the documents.

On April 28, 2015, the Court issued an Order to Show Cause directing Plaintiff to set forth in writing by May 29, 2015, through a sworn affidavit her intention to continue to pursue her action, and the reasons that the Court should not dismiss the case for failure to prosecute, including her failure to serve the amended complaint (the "April 28th Order"). (Dkt. 4). The April 28th Order also informed Plaintiff that failure to comply with the Order would result in the dismissal of her action. (*Id.* at 3).

Plaintiff did not submit the sworn affidavit required by the April 28th Order. The Court's staff did receive a telephone call from an individual who represented herself to be Plaintiff's daughter, who indicated that Plaintiff did not wish to pursue this action.

 Fed.R.Civ.P. 41(b) authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order...." Fed. R.Civ.P. 41(b). "Although the rule refers to dismissal upon motion of a defendant, the Supreme Court has made clear that a court has the inherent authority to dismiss an action *sua sponte.*" *Pagan v. Monroe County*, No. 13–CV–6150T, 2015 WL 1431695, at *2, 2015 U.S. Dist. LEXIS 41242, at *3 (W.D.N.Y. Feb. 13, 2015) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)), *adopted*, 2015 WL 1431695, 2015 U.S. Dist. LEXIS 39546 (W.D.N.Y. Mar. 27, 2015). "While a harsh remedy, the rule is 'intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload.'" *Mack v. Rochester City Sch. Bd.*, No. 14–CV–6262–FPG, 2015 U.S. Dist. LEXIS 40445, at *4 (W.D.N.Y. Mar. 30, 2015) (quoting *Wynder v. McMahon*,

360 F.3d 73, 79 (2d Cir.2004)). Before dismissing a case pursuant to Rule 41(b), the district court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Frayne*, 595 Fed.Appx. 35, 36 (2d Cir.2014) (quoting *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.2014)). "Generally, no single factor in the analysis is dispositive." *Id.*

Further, the Court is aware that the Second Circuit Court of Appeals has indicated that "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Baptiste*, 768 F.3d at 217 (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir.2001)).

██ With regard to the first factor, Plaintiff's noncompliance with Court orders began in July 2014, when she failed to fill out and return the summons directed to Defendant. The Court made a second attempt to provide Plaintiff with a copy of the summons in October 2014, and Plaintiff again failed to fill out and return the summons. In the April 28th Order, the Court brought to Plaintiff's attention her failure to serve the complaint on Defendant, and her failure to take any action on her case since June 25, 2014. (Dkt. 4 at 2). Regarding the second factor, Plaintiff was on notice that her failure to comply with the April 28th Order would result in dismissal. The April 28th Order stated that Plaintiff's failure to show cause in writing through a

sworn affidavit her intention to continue to pursue her action would result in the dismissal of her case. (*Id.* at 3). Despite this warning, the Court has not received any written response from Plaintiff.

With regard to the third factor, due to Plaintiff's failure to take any action to move her case forward, the case has been unnecessarily delayed. There is no indication that Plaintiff intends to participate in her case in the future, as almost one year has passed since Plaintiff took any meaningful action on her case. *See Crawn v. Town of Wallkill,* No. 07 Civ. 1032(GAY), 2013 WL 3227216, at *2, 2013 U.S. Dist. LEXIS 89985, at *5 (S.D.N.Y. June 26, 2013) ("[A] failure to dismiss would likely leave the case pending for an indefinite time into the future, or at least until plaintiff changed his mind or the court lost patience.") (quotation and citation omitted); *see also Peart v. City of N.Y.,* 992 F.2d 458, 462 (2d Cir.1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law . . . .").

As directed by the Second Circuit Court of Appeals, the Court has considered the fourth factor, and balanced its own interest in managing its docket against Plaintiff's interest in receiving an opportunity to be heard. The April 28th Order afforded Plaintiff the chance to pursue her claims, despite her failure to timely serve Defendant. Plaintiff did not avail herself of this opportunity. It "is not an efficient use of the Court's . . . resources to permit this case to languish on the docket in the hope that plaintiff will reappear in the future." *Crawn,* 2013 WL 3227216, at *2, 2013 U.S. Dist. LEXIS 89985, at *5 (citation omitted). Finally, as to the fifth factor, there is no less-drastic sanction that could be imposed that would be effective under the circumstances.

Other courts have found dismissal to be appropriate when a plaintiff has failed to take any action on his or her case for a substantial period of time. *See Livecchi v. U.S. HUD,* 153 Fed.Appx. 16, 17 (2d Cir. 2005) (one-year delay in prosecuting case was proper ground for dismissal); *Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 194 (2d Cir.1999) (affirming dismissal where the plaintiff took no action to further his case for almost two years and failed to respond to order to show cause); *West v. City of N.Y.,* 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (dismissal appropriate where the plaintiff failed to take "any substantial steps to move his case forward" for 19 months). Further, many courts have found dismissal proper based on the plaintiff's failure to effectuate service on named defendants. *See Milonopoulos v. Trs. of Columbia Univ.,* No. 14–CV–7241 (VSB), 2014 U.S. Dist. LEXIS 127241, at *4 (S.D.N.Y. Sept. 10, 2014) ("If within 120 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute.").

Because Plaintiff has not taken any action on her case since June 25, 2014, and because she failed to respond to the Court's April 28th Order, I find that dismissal is appropriate based on the facts of this case. "[T]his is not a case in which there is a basis in the record for the Court to exercise its discretion to grant an extension in the absence of good cause . . ." *Texidor v. N.Y.C. Dep't of Corr.,* No. 14–CV–7893 (AT)(JLC), 2015 WL 3400831, at *1, 2015 U.S. Dist. LEXIS 68247, at *3 (S.D.N.Y. May 27, 2015). This action is hereby dismissed with prejudice, pursuant to Fed.R.Civ.P. 41(b). The Clerk of Court is directed to close the case.

SO ORDERED.