Francisco **MORENO**, et al., Plaintiffs,

v.

Edward K. **JEUNG**, et al., Defendants.

No. 14cv678–LTS–FM.

United States District Court,
S.D. New York.

Signed Aug. 4, 2015.

March 4, 2014, Erick Azures ("Azures") and eight other individuals joined the collective action. (ECF No. 10). On June 25, 2014, Your Honor certified the case a collective action, (ECF No. 24), and, thereafter, additional individuals joined. (*See* ECF Nos. 29, 31, 37, 39, 40).

On May 29, 2014, Your Honor referred the case to me for general pretrial purposes. (ECF No. 21). After several adjournments, I held a settlement conference on February 10, 2015. At that conference, the parties agreed to settle the case for terms that I deemed to be fair, and the parties entered into an order of discontinuance dismissing the case with prejudice and without costs. (ECF No. 47).

Thereafter, on March 24, 2015, plaintiffs' counsel, Leonor H. Coyle, Esq., moved to have her firm withdraw as counsel for plaintiffs Moreno and Azures. (ECF No. 48). Moreno apparently was dissatisfied with the terms of the settlement and wished to pursue his claims separately. (ECF No. 49 (Decl. of Leonor H. Coyle in Support of Plaintiffs' Motion to Withdraw as Counsel) ("Coyle Decl.") ¶¶ 4–6). Azures, for his part, appeared to have disappeared. Neither counsel, the Court, nor his fellow plaintiffs have been able to reach him for many months. (*See id.* 7–9).

By memorandum endorsement dated April 20, 2015, I directed that Moreno and Azures file any opposition to counsel's motion to withdraw by May 5, 2015, and indicate to the Court whether they had retained counsel or intended to proceed *pro se*. (ECF No. 51). I further directed Ms. Coyle to mail copies of my memorandum endorsement to Moreno and Azures and to file proof of service with the Court. Counsel filed that proof of service on April 22, 2015, (ECF No. 52), but no opposition has been filed, and neither plaintiff has contacted the Court. Accordingly, by Order dated June 9, 2015, I granted counsel's motion to withdraw. (ECF No. 53). Out of an excess of caution, however, I indicated that Moreno and Azures would be given one final opportunity to inform the Court that they wish to proceed *pro se*, and directed that they appear before me at a conference on July 21, 2015. (*Id.*). My order cautioned

Alison Lee Genova, Kara Sue Miller, Leonor Hidalgo Coyle, Lloyd Robert Ambinder, Virginia & Ambinder, LLP, New York, NY, for Plaintiffs.

Jonathan Yoon Sue, Michael Kang, Law Offices of Jonathan Y. Sue, PLLC, New York, NY, for Defendants.

### REPORT AND RECOMMENDATION TO THE HONORABLE LAURA TAYLOR SWAIN

FRANK MAAS, United States Magistrate Judge.

### I. *Background*

On February 3, 2014, Francisco Moreno ("Moreno"), on behalf of himself and other individuals similarly situated, filed this action alleging that the defendants violated the federal and state labor laws by failing to pay overtime and make spread of hours payments. (*See* Compl. (ECF No. 2)). On

that if they failed to appear, I would recommend that their claims be dismissed for want of prosecution. (*Id.*). Copies of the order were sent to Moreno and Azures, at their addresses on file with the Court, by certified and regular U.S. Mail. (The certified mail copies were returned to the Court unclaimed.) Despite this effort, neither Moreno nor Azures appeared on July 21, 2015.

## II. *Discussion*

■ A plaintiff has a duty to advance his case diligently and his failure to do so may result in dismissal for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See United States ex rel. Pervez v. Maimonides Med. Ctr.*, 415 Fed. Appx. 316, 317 (2d Cir.2011) (citing *Lyell Theater Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982)). Under Rule 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir.2014) (quoting Fed. R.Civ.P. 41(b)).

■ Before dismissing a case under Rule 41(b), the Court must address five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Frayne*, 595 Fed.Appx. 35, 36 (2d Cir.2014) (quoting *Baptiste*, 768 F.3d at 216). No single factor is dispositive. *Id.* Rather, the Court must consider the "record as a whole" and be "mindful that such dismissals are 'the harshest of sanctions' and ... should be preceded 'by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 36–37 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir.2013)).

■ Here, dismissal of the claims of Moreno and Azures is the appropriate remedy. At the outset, Moreno and Azures have failed to comply with my orders to notify the Court how they intended to litigate this case, despite having been granted several opportunities to do so, and they have failed to appear before me as directed. Indeed, it has been over three months since Moreno and Azures were instructed to contact this Court, and counsel too has apparently been unable to reach Azures. Both plaintiffs also have been on notice that their failure to contact the Court would result in my recommendation that their claims be dismissed. (*See* ECF No. 53). The Court thus has taken ample precautions to ensure that Moreno and Azures have had a chance to advance their case, including affording them multiple opportunities to do so, and attempting to ensure, through counsel and certified mail, that they received the Court's directives. The defendants unquestionably have been prejudiced by the failure of Moreno and Azures to respond to this Court's orders and would be prejudiced by further delay since they have otherwise successfully resolved this matter. The failure to act also has prevented the Court from closing this otherwise resolved case. Finally, it does not appear that lesser sanctions would be adequate in this case, as Moreno's and Azures' demonstrated history of ignoring the Court's directives and refusing to communicate with the Court make it unlikely that another warning would be fruitful. Accordingly, dismissal of the claims of plaintiffs Moreno and Azures is appropriate.

## III. *Conclusion*

For the foregoing reasons, I recommend that plaintiffs Moreno's and Azures' claims be dismissed for want of prosecution, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## IV. *Notice of Procedure for Filing Objections to this Report and Recommendation*

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Fed-

eral Rules of Civil Procedure. *See also* Fed. R.Civ.P. 6(a) and (e). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of Honorable Laura Taylor Swain at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, to my chambers at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72(b). Any requests for an extension of time for filing objections must be directed to Judge Swain. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72(b).