16-1614-cv, 16-4323-cv
*John Smalls, et al., v. County of Suffolk, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand seventeen.

PRESENT:  PIERRE N. LEVAL,
          PETER W. HALL,
                              *Circuit Judges*,
          COLLEEN McMAHON,[*]
                              *District Judge.*

John Smalls, Renee Smalls, Maurice Smalls,

     *Plaintiffs - Appellants,*

v.                                                16-1614

County of Suffolk, Della Rocca, Suffolk County Deputy Sheriff Investigator, Rapp, Suffolk County Deputy Sheriff Investigator, Brosnaw, Suffolk County Deputy Sheriff Investigator, McGarty, Suffolk County Deputy Sheriff Investigator, Capelli, Suffolk County Police, Lewis, Sufolk County Police Officer, Lankewiez, Suffolk County Police Officer, Lynch, Suffolk County Police Officer, Webker, Suffolk County Police Officer, Michael Maresca,

     *Defendants - Appellees,*

John 2:12cv4889 Doe, Jane 2:12cv4889 Doe, 1 through 10 whose identities are currently unknown to plaintiffs but who are believed to be employees of the Suffolk County

---

[*] Chief Judge Colleen McMahon, of the United States District Court for the Southern District of New York, sitting by designation.

Sheriff's Office and 11 through 20 whose identities are currently unknown to plaintiffs but who are believed to be employees,

       *Defendants.*

-------------------------------------------------------------------

John Smalls, Maurice Smalls, Renee Smalls,

       *Plaintiffs - Appellants,*

v.                                     16-4323

County of Suffolk, Della Rocca, Suffolk County Deputy Sheriff Investigator, Rapp, Suffolk County Deputy Sheriff Investigator, Brosnaw, Suffolk County Deputy Sheriff Investigator, McGarty, Suffolk County Deputy Sheriff Investigator, Capelli, Suffolk County Police, Lewis, Sufolk County Police Officer, Lankewiez, Suffolk County Police Officer, Lynch, Suffolk County Police Officer, Webker, Suffolk County Police Officer, Michael Maresca, Suffolk County Police Department Detective,

       *Defendants - Appellees,*

John 2:12cv4889 Doe, Jane 2:12cv4889 Doe, 1 through 10 whose identities are currently unknown to plaintiffs but who are believed to be employees of the Suffolk County Sheriff's Office and 11 through 20 whose identities are currently unknown to plaintiffs but who are believed to be employees,

       *Defendants.*

FOR APPELLANTS:       NOEL MUNIER, Law Office of Noel Munier, Mineola, New York.

FOR APPELLEES:       BRIAN C. MITCHELL, Assistant County Attorney *for* Suffolk County, (Dennis M. Brown, Suffolk County Attorney, *on the brief*), Hauppauge, New York.

2

Appeals from the judgment of the United States District Court for the Eastern District of New York (Feuerstein, *J.*) deemed entered on September 15, 2016,[1] and the order of that court denying Plaintiffs-Appellants' motion to set aside the default judgment entered on November 30, 2016. These two above-captioned cases, *John Smalls, et al. v. County of Suffolk, et al.*, Nos. 16-1614 and 16-4323, were filed and briefed separately but have been argued together. They are now resolved together in this disposition by summary order.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on September 15, 2016, is **VACATED** and **REMANDED** for proceedings consistent with this Order.

Plaintiffs-Appellants—John, Renee, and Maurice Smalls ("Plaintiffs")—appeal the district court's April 18, 2016 order dismissing their complaint with prejudice. Plaintiffs commenced their action against the County of Suffolk and other individual defendants ("Defendants"), alleging various civil rights and common law tort claims. Plaintiffs allege that certain Defendants entered and searched their home in Deer Park, New York on May 18, 2013, and again on June 4, 2013, both times without a proper warrant. Plaintiffs also allege that during the June entry and search, certain Defendants unlawfully detained Plaintiff Maurice Smalls.

In the proceedings in the district court, on April 18, 2016, Plaintiffs' counsel failed to appear, for a second time in this action, at a court-scheduled conference. After waiting

---

[1] The district court never entered a final judgment as required by Rule 58(a) of the Federal Rules of Civil Procedure. By operation of law, judgment was deemed entered on Thursday, September 15, 2016: 150 days after entry of the district court's April 18 order to dismiss with prejudice. *See* Fed. R. Civ. P. 58(c)(2)(B).

29 minutes, the district court *sua sponte* dismissed the Plaintiffs' complaint with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Prior to the April 18, 2016 dismissal, the parties had concluded discovery and the case was trial-ready. The morning of April 18, 2016, Plaintiffs' counsel, a sole practitioner, attempted to appear at two unrelated conferences in two different counties prior to the pre-trial conference for this case. Plaintiffs' counsel unwisely believed he could cover all three conferences in the same morning, and did not attempt to notify the district court of his situation. While *en route* to the pre-trial conference in this action, Plaintiffs' counsel learned the district court had dismissed the case, and confirmed as much when he finally arrived at the courthouse. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

As an initial matter, Defendants argue that Plaintiffs waived their right to challenge the district court's dismissal order on appeal because Plaintiffs' first brief (Case No. 16-1614) (the "brief") fails to argue why it is the district court abused its discretion when it dismissed the case with prejudice. Defendants' argument is valid: Plaintiffs' brief does not address why the district court abused its discretion in dismissing the case pursuant to Rule 41(b); instead, it advocates prematurely in support of Plaintiffs' motion to vacate or amend the default judgment, a motion that was before the district court at the time Plaintiffs filed their brief.

An appellant's brief must contain an argument section that states appellant's "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8). Normally, an appellant

4

must sufficiently brief an argument in order for this Court to consider that argument on appeal. *See Norton v. Sam's Club*, 145 F.3d 114, 117–18 (2d Cir. 1998); *see also McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) ("We think it reasonable to hold appellate counsel to a standard that obliges a lawyer to include his most cogent arguments in his opening brief, upon pain of otherwise finding them waived."). However, "a litigant's failure to comply with Rule 28 does not *automatically* preclude us from considering an issue." *Frank v. United States*, 78 F.3d 815, 833 (2d Cir. 1996) (emphasis added), *cert. granted*, *vacated on other grounds*, 521 U.S. 1114 (1997). We may overlook a litigant's failure to brief an argument on appeal, *inter alia*, when a "manifest injustice" would otherwise result. *See, e.g.*, *United States v. Babwah*, 972 F.2d 30, 35 (2d Cir. 1992); *United States v. Loya*, 807 F.2d 1483, 1487 (9th Cir. 1987); *United States v. Anderson*, 584 F.2d 849, 853 (6th Cir. 1978); *see also* Fed. R. App. P. 2 ("[A] court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case . . . .").

We have described dismissal of a plaintiff's case as "one of the harshest sanctions" to be reserved for "extreme circumstances." *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 251 (2d Cir. 2004). Here, barring Plaintiffs from pursuing their claims would be a "manifest injustice" because the dereliction of Plaintiffs' attorney could be appropriately dealt with by a monetary sanction on the attorney, instead of so harshly sanctioning the Plaintiffs who were innocent of the dereliction. We therefore exercise our discretion under Rule 2 of the Federal Rules of

Appellate Procedure to overlook Plaintiffs' waiver and to address the merits of the Rule 41(b) dismissal.

A district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (explaining a district court has the power to *sua sponte* dismiss a case for failure to prosecute). We review Rule 41(b) dismissals for abuse of discretion in light of the whole record. *See Lucas v. Miles*, 84 F.3d 532, 534–35 (2d Cir. 1996). A Rule 41(b) dismissal is one of the harshest sanctions, and thus it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)).

Upon our review of the particular facts of this record, we conclude that counsel's tardy arrival in court for a pre-trial conference did not warrant the extreme sanction of dismissal with prejudice of the Plaintiffs' case, especially in that the Plaintiffs were not the offenders. It cannot be said that the case was "not prosecuted" by the Plaintiffs; on the contrary, Plaintiffs had taken five depositions, discovery was concluded, and the matter was, by all parties' admission, ready for trial. Counsel was on his way to the pre-trial conference when he learned the district court had dismissed the case; counsel did arrive in court, albeit late. Furthermore, Plaintiffs had no opportunity to be heard before the court dismissed their case. *See Baptiste*, 768 F.3d at 217. The Defendants were inconvenienced, in that their lawyer attended a conference that was not held, but they

were not significantly prejudiced. *See id.* at 218 ("[D]efendants have not pointed to any concrete way that they have suffered or will suffer prejudice due to [Plaintiffs'] delay. . . . Nothing in the record suggests any such prejudice.").

There was no excuse for counsel's failure to notify a busy district court judge that his obligations to appear on the same morning in three separate courtrooms in three counties made it likely that he would be late for the conference. Nonetheless, the sanction imposed was needlessly severe and punished the wrong person.

We conclude as a matter of law that, in these circumstances, a lesser sanction—a sanction falling on the offending attorney, rather than on the client—would have been sufficient to vindicate the misconduct, and that the sanction of dismissal of the Plaintiffs' case with prejudice was beyond the scope of the district court's permissible discretion. *See Lucas*, 84 F.3d at 535. We therefore vacate the dismissal of the action. Nothing in our ruling prohibits the district court from imposing a less severe sanction on Plaintiffs' counsel, such as a monetary sanction, sufficient at least to compensate the Defendants for their counsel's wasted time.

Accordingly, the district court's judgment is **VACATED,** and the case is **REMANDED** to the district court for further proceedings. Plaintiffs' second appeal before us (Case No. 16-4323), challenging the district court's denial of Plaintiffs' motion to vacate or amend the default judgment, is now moot based on our ruling, and we do not address its merits.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7