20-1480-pr
*Mayanduenas v. Bigelow, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-one.

PRESENT:   JOSÉ A. CABRANES,
                REENA RAGGI,
                            *Circuit Judges,*
                LEWIS A. KAPLAN,
                            *Judge.* [*]

-----------------------

RIGER MAYANDUENAS, C/O HELP MEYER MEN'S
SHELTER AT MANHATTAN PSYCHIATRIC CENTER, 600
EAST 125TH STREET, ROOM NUMBER 865, BED 864,
FKA MAYAN DUENAS RIGER, FKA RIGER
MAYADEUNAS,

                *Plaintiff-Appellant,*                              20-1480-pr

                        v.

BIGELOW, CORRECTION OFFICER, FKA OFFICER
BIGELOW, HARRIMAN, NURSE ADMINISTRATOR,
FULLER, C.O., JASON BURDO, C.O., FKA BURGO,
MAURER, C.O., DIXON, SGT.,

                *Defendants-Appellees,*

-----------------------

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

JOHN DOE #1, CORRECTION OFFICER, JOHN DOE #2, CORRECTION OFFICER, JOHN DOE #3, SGT.,

     *Defendants.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | EDWARD SIVIN, Sivin & Miller, LLP, New York, NY. |
| **FOR DEFENDANTS-APPELLEES:** | JONATHAN D. HITSOUS, Assistant Solicitor General, *for* Letitia James, Attorney General of the State of New York, Albany, NY. |

Appeal from a judgment and order of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the District Court's judgment of dismissal be and hereby is **VACATED** and the cause is **REMANDED** to the district court for further proceedings consistent with this order. Plaintiff-Appellant's challenge to the District Court's order denying reconsideration is **DISMISSED** as moot.

Plaintiff-Appellant Riger Mayanduenas ("Mayanduenas") appeals from a November 25, 2019 judgment[1] *sua sponte* dismissing Mayanduenas's 42 U.S.C. § 1983 complaint for failure to prosecute and/or failure to comply with local practice rules and a court order pursuant to Federal Rule of Civil Procedure 41(b). Mayanduenas also appeals from an April 7, 2020 Text Order denying his motion for reconsideration of the dismissal.

Mayanduenas initiated his Section 1983 claim *pro se* while incarcerated. Upon release from prison on May 21, 2019, Mayanduenas was homeless and did not soon thereafter provide the District Court with an updated address as required by N.D.N.Y. Local Rule 10.1(c)(2). On September 9, 2019, United States Magistrate Judge Thérèse Wiley Dancks *sua sponte* issued a Report and Recommendation recommending dismissal of Mayanduenas's action for failure to notify the court of his change of address. On September 24, 2019, Mayanduenas attempted to provide his updated address, but the address he submitted contained a small typographical error; thus, court mail sent to him at that address was returned as undeliverable. Mayanduenas correctly updated his address on November 6, 2019. The District Court, adopting the Report and Recommendation in full, dismissed this case with prejudice on November 25, 2019. Mayanduenas, then represented by

---

[1] *Mayanduenas v. Bigelow*, No. 9:18-CV-1161, 2019 WL 6270947 (N.D.N.Y. Nov. 25, 2019) (slip opinion).

counsel, filed a motion for reconsideration, which was denied on April 7, 2020. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

"We review a court's dismissal under Rule 41(b) for an abuse of discretion in light of the record as a whole."[3] We may find that the district court abused its discretion if its decision was based on "an error of law, a clearly erroneous assessment of the facts, or a decision outside the available range of permitted choices."[4] While a district court's power to dismiss an action is "inherent,"[5] "dismissal for lack of prosecution is a harsh remedy that should be utilized only in extreme situations,"[6] especially so when dismissal is with prejudice[7] or when a *pro se* litigant's claim is dismissed for failure to prosecute.[8]

Under Rule 41(b), a district court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the] rules or a court order." A district court considering Rule 41(b) dismissal weighs the five so-called *Drake* factors:

---

[2] Preliminarily, we excuse Mayanduenas's failure to submit specific objections to the Report and Recommendation in the interests of justice and thus determine that we can reach the merits of Mayanduenas's claim. When a party fails to timely submit specific objections to a magistrate judge's report, that failure operates as a waiver of further judicial review of the report, so long as the parties received clear notice of this consequence. *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). This rule applies to *pro se* parties. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993). Although Mayanduenas submitted only a general objection to the Report and Recommendation, we exercise the discretion granted to us by the Supreme Court to excuse procedural defaults that would otherwise preclude appellate review "in the interests of justice," in light of the discussion *post* that the facts of this case do not merit dismissal. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985).

[3] *Baptiste v. Sommers*, 768 F.3d 212, 216–17 (2d Cir. 2014); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (describing "abuse of discretion" as a non-pejorative term of art).

[4] *Knife Rts., Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015). *See also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) ("*Drake*").

[5] *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (internal quotation marks omitted).

[6] *See id.* at 575–76.

[7] *Mitchell v. Lyons Pro. Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013).

[8] *Baptiste*, 768 F.3d at 217 (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.[9]

The District Court considered all five factors and found that they weighed in favor of dismissal of this case with prejudice. Upon review, we hold that the record does not admit such a finding here because the facts of this case were not sufficiently extreme to merit dismissal.

First, while Mayanduenas's delay in providing an updated address weighs in favor of dismissal,[10] this factor must be considered in light of Mayanduenas's homelessness, mental health struggles, and limited language proficiency.

Second, while Mayanduenas received general notice of his duty to notify the court of a change in address early in the case, the first "remind[er]" he received that his failure to comply with this requirement could result in dismissal was in the magistrate judge's May 21, 2019 Report and Recommendation denying Defendants' motion for summary judgment. Mayanduenas did not receive that report until September 2019, as the report was mailed to his correctional facility and did not arrive by his release date of May 21, 2019. Prior to release, Mayanduenas had kept his address current with the court, even notifying the court of his impending release. He did not secure stable housing after his release until July 9, 2019.

Third, although "prejudice to defendants resulting from unreasonable delay may be presumed," in cases where, as here, delay is "moderate or excusable, the need to show actual prejudice is proportionally greater."[11] The record here fails to demonstrate prejudice. There is no evidence that the delay "increase[d] the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult."[12] Under the operative scheduling order, amended pleadings were not due until December 30, 2019, and discovery was not scheduled to conclude until March 2, 2020, both dates *after* the ordered dismissal. This prejudice factor thus weighs strongly against dismissal.

---

[9] *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). None of the five factors is dispositive on its own. *Nita v. Connecticut Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

[10] *Mayanduenas*, 2019 WL 6270947, at *3.

[11] *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

[12] *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999).

Fourth, Mayanduenas's failure to prosecute "was silent and unobtrusive rather than vexatious and burdensome,"[13] thus causing only minor court calendar congestion, if any. Moreover, Mayanduenas now has stable housing and is represented by counsel who indicates that he is ready and able to prosecute this case.

Fifth, while we agree with the District Court's analysis that a fine or reprimand would likely be neither appropriate nor effective in this case, that does not support its decision to dismiss.[14] As the *Drake* court made clear, involuntary dismissal is "one of the harshest sanctions at a trial court's disposal," and thus is "reserved for use only in the most extreme circumstances."[15] This case is not sufficiently extreme to merit dismissal.

## CONCLUSION

For the foregoing reasons, we **VACATE** the judgment of dismissal and **REMAND** the cause to the District Court with directions to reinstate Mayanduenas's complaint and undertake further proceedings consistent with this order. Mayanduenas's challenge to the denial of his reconsideration motion is **DISMISSED** as moot in light of our decision to vacate the judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[13] *See LeSane*, 239 F.3d at 210.

[14] *See Mayanduenas*, 2019 WL 6270947, at *4.

[15] *Drake*, 375 F.3d at 251.