22-638-pr
Houghtaling v. Fischer

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-three.

PRESENT:
> ROBERT D. SACK,
> ALISON J. NATHAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

Jeffrey Blane Houghtaling,

*Plaintiff-Appellant*,

v.                                                           22-638

Deborah Eaton, Senior C.C. Gowanda,

*Defendant-Appellee*,

Brian Fischer, Comm. of DOCS, Debra Eaton, Dale Artus,

*Defendants*.

_____

FOR PLAINTIFF-APPELLANT:                 Jeffrey Blane Houghtaling, pro se,
                                                                  Rochester, NY.

**FOR DEFENDANT-APPELLEE:** Barbara D. Underwood, Solicitor General, Jeffrey W. Lang, Deputy Solicitor General, Sean P. Mix, Assistant Solicitor General, of counsel, *for* Letitia James, Attorney General for the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*, Pedersen, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Jeffrey Houghtaling, proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 complaint under Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure for failure to comply with discovery orders after Houghtaling twice ignored orders directing him to respond to the defendant's interrogatories and discovery demands. The court also awarded attorney's fees to the defendant-appellee as a related discovery sanction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We review dismissals under Rules 37 and 41(b) for abuse of discretion, remaining mindful that dismissal is a "harsh remedy to be used only in extreme situations." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (citation omitted) (Rule 37); *see Baptiste v. Sommers*, 768 F.3d 212, 216–17 (2d Cir. 2014) (Rule 41(b)). We also review the award of attorney's fees for abuse of discretion. *McDaniel v. County of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010).

---

[1] Houghtaling also moves to hold appellee's counsel in contempt of court for purported misconduct in connection a notice of appearance. Finding no such misconduct, we DENY Houghtaling's motion.

When deciding a motion to dismiss pursuant to Rule 37 for failure to comply with discovery orders, courts consider "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal*, 555 F.3d at 302 (citation and alteration omitted). Likewise, when considering a dismissal under Rule 41(b) for failure to comply with court orders, a district court "must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste*, 768 F.3d at 216 (citation and internal quotation marks omitted). "No single factor is generally dispositive." *Id.* In addition, Rule 37(b)(2)(C) provides that, when the district court imposes sanctions (such as dismissal) pursuant to Rule 37(b)(2)(A) for failure to comply with a discovery order, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).[2]

Having set out the relevant factors, we have no occasion to assess them because Houghtaling fails to meaningfully address the district court's adverse rulings in his opening brief.

---

[2] The district court stated that the fee award was granted pursuant to Rule 37(a)(5)—which applies when the court grants a Rule 37(a) motion to compel discovery—but every exception to an award of fees under the applicable Rule 37(b)(2)(A) is also available under Rule 37(a)(5).

While we "liberally construe" the filings of *pro se* litigants "to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (citation omitted), *pro se* litigants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.*; *see also LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se* . . . .").

Houghtaling does not address the district court's evaluation of the factors outlined above.[3] He has therefore forfeited those issues on appeal. Even if it were otherwise, however, we perceive no abuse of discretion in the district court's dismissal or award of fees, and we would therefore affirm for substantially the reasons stated in the district court's January 18, 2022 decision. *See Houghtaling v. Eaton*, No. 6:14-cv-6416 (EAW), 2022 WL 167538, at *3–10 (W.D.N.Y. Jan. 18, 2022).

In lieu of raising meaningful challenges to the district court's decision, Houghtaling accuses defense counsel of misconduct and the magistrate judge of bias. These arguments provide no grounds for remand. To the extent that Houghtaling intends to argue that he had no obligation to comply with the magistrate judge's orders because they were improper, he is

---

[3] Houghtaling's contention that the district court overlooked arguments raised before the magistrate judge—and erroneously treated them as having been raised for the first time in his objections to the magistrate judge's report and recommendation—is misplaced. Even if there were such an error, it would be harmless because the district court conducted a *de novo* review of the entire report and recommendation and addressed the objections.

4

incorrect. "If a person to whom a court directs an order believes that order is incorrect the remedy is to appeal, but, absent a stay, he must comply promptly with the order pending appeal." *Maness v. Meyers*, 419 U.S. 449, 458 (1975); *see also McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("An order issued by a court must be obeyed, even if it is later shown to be erroneous."). Houghtaling's arguments regarding defense counsel's purported misconduct are, likewise, largely irrelevant to whether he could willfully ignore the magistrate judge's repeated orders without consequence. Although Houghtaling argues that defense counsel caused some discovery delays by cancelling depositions, the period at issue here—from the first order directing Houghtaling to respond to the discovery demands through the orders recommending and ordering dismissal as a sanction for his nonresponse—is independent of any delay attributable to the defendant. Houghtaling also claims that the magistrate judge was biased against him, but that claim is premised entirely on adverse rulings, "and adverse rulings, without more, will rarely suffice to provide a reasonable basis for questioning a judge's impartiality." *Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

We have considered Houghtaling's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court and **DENY** Houghtaling's motion to hold counsel in contempt of court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5