Baptiste v. Sommers

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

—————————

August Term, 2013

(Argued: June 18, 2014    Decided: September 24, 2014)

Docket No. 13-3079-cv

—————————

HARRY R. BAPTISTE,

*Plaintiff-Appellant,*

— v. —

DR. DIANE SOMMERS, Clinical Director, WARDEN at Otisville, FCI New York, DR.
M. WHITE, MD, ORANGE REGIONAL MEDICAL STAFF, Center Director,

*Defendants-Appellees,*

JOHN DOE, JANE DOE,

*Defendants.*

—————————

B e f o r e :

CALABRESI, PARKER, and LYNCH, *Circuit Judges.*

—————————

Plaintiff-Appellant Harry R. Baptiste appeals from a decision of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) dismissing his case for failure to prosecute under Federal Rule of Civil Procedure 41(b). The district court ruled that Baptiste had not provided an adequate justification for his nearly two-year delay in filing an amended complaint, and had not proven that he had a meritorious and manageable case going forward. We hold that dismissal exceeded the bounds of the court's discretion because the district court failed to apply the five-factor balancing test prescribed by our case law for assessing the propriety of Rule 41(b) dismissals.

VACATED AND REMANDED.

————————

ROLAND G. OTTLEY, The Ottley Law Firm, PC, Brooklyn, New York, *for Plaintiff-Appellant* Harry R. Baptiste.

TOMOKO ONOZAWA, Assistant United States Attorney (Emily E. Daughtry, Assistant United States Attorney, *on the brief*), for Preet Bharara, United States Attorney for the Southern District of New York, New York, New York, *for Defendants-Appellees* Dr. Diane Sommers and Warden at Otisville, FCI New York.

REBECCA B. MANTELLO, Catania, Mahon, Milligram, & Rider, PLLC, Newburgh, New York, *for Defendants-Appellees* Dr. M. White, MD, and Orange Regional Medical Center Staff, Center Director.

————————

PER CURIAM:

This case requires us to decide whether a district court may dismiss a case for failure to prosecute after a long and unexplained delay without evaluating all the factors that we have deemed necessary to measure the consequences of such delay. Because district courts must weigh the factors prescribed by our case law, and because the court below failed to do so, we VACATE the district court's judgment dismissing the case for failure to prosecute and REMAND for further proceedings consistent with this opinion.

## BACKGROUND

In February 2009, Plaintiff-Appellant Harry Baptiste filed a pro se complaint alleging that he received inadequate medical care while imprisoned at the federal corrections facility in Otisville, New York. Baptiste suffered from a web of chronic conditions, all rooted in some form of lung disease. He was initially diagnosed and treated in 2005 while he was incarcerated at Otisville. Doctors retained by the Bureau of Prisons allegedly botched Baptiste's diagnosis, and drugs they prescribed may have exacerbated his symptoms. After Baptiste learned of the alleged misdiagnosis, he sought to recover damages for his suffering. Baptiste could not afford a lawyer and proceeded pro se.

At first, Baptiste pursued his claims diligently: Before filing suit, he exhausted his administrative remedies within the prescribed time limits. After the defendants filed a motion to dismiss his federal court action, Baptiste filed a timely response and moved to have counsel appointed. His responses slowed, however, after the District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*) granted the defendants' motions in part. Baptiste had sued one federal official, the warden of the prison where he was housed in 2005, and three physicians who treated him, Dr. Diane Sommers, Dr. M. White, and the Director of the Orange Regional Medical Center. The court dismissed all of Baptiste's claims save one – the allegation that Dr. Sommers was deliberately indifferent to Baptiste's medical needs when Sommers refused to order a biopsy that would have led to an accurate diagnosis. The court also permitted Baptiste to amend his complaint within sixty days, counseling that Baptiste could "assert state law negligence or medical malpractice claims against Dr. White and the Director [of the Orange Regional Medical Center]" and that he should "consult with the Court's Pro Se office for assistance in determining appropriate amendments consistent with [the] Order." The court issued its decision on August 11, 2010. Baptiste did not file a proposed amended complaint until

4

January 14, 2011, after an extension of time and a warning that no further extensions would be granted.

Baptiste's proposed amended complaint, however, was not a complaint. The document, titled "Amended Complaint," was a legal brief "intended to rebut the allegations of the [defendants'] Answer." The court directed the Clerk of Court to return the submission. Baptiste did not respond with a properly pled complaint. Indeed, twenty three months passed without any response at all.

On November 16, 2012, after almost two years of silence on the part of Baptiste, the district court ordered Baptiste to show cause why his complaint should not be dismissed. "In light of the absence of recent activity, it is hereby ordered that Plaintiff shall show cause by December 10, 2012 why this action should not be dismissed for failure to prosecute." Citing Federal Rule of Civil Procedure 41(b), the court warned that "[i]f Plaintiff [did] not show good cause by December 10, 2012, the Clerk shall, on December 17, 2012, mark the case closed."

On December 10, 2012, Baptiste, now represented by counsel, filed an affirmation responding to the district court's order to show cause. Baptiste explained that he had only recently retained a lawyer, and that his worsening

5

medical condition and treatment "ha[d] . . . prevent[ed him] from getting around." Baptiste asked to be allowed to file an amended complaint and continue the action.

With Baptiste's initial explanation in hand, the court delayed any "ruling on the appropriateness of dismissal," and ordered Baptiste's counsel to submit a "a memorandum showing good faith merit against particular defendants, and a plan for completing all necessary proceedings within 60 days." The court gave Baptiste's counsel just over a month to complete the task, and later granted an extension of 30 additional days. Counsel submitted a lengthy brief on the deadline date outlining the basis for Baptiste's claims against each defendant, and indicating that both he and the government's attorney believed that sixty days was too short a time to file an amended pleading and complete discovery. (The government confirmed its agreement in its response, although it then reached the rather ungenerous conclusion that the case should be dismissed because Baptiste had "failed to satisfy – and [could not] satisfy – the requirement . . . [that he] present a plan" to do the admittedly impossible).

The district court thus received two responsive filings triggered by its order to show cause: the December letter explaining that Baptiste had only

6

recently obtained counsel and that he had been sick and immobilized for some period of time, and a longer legal brief in February outlining the basis for his claims and his inability to produce a plan to complete discovery in sixty days. The district court, however, focused solely on the second filing. "On December 21, 2012, I ordered Plaintiff to show good cause why his action should not be dismissed for failure to prosecute," the court noted without referencing its initial November order or Baptiste's early December response. The court then dismissed his case for failure to prosecute:

> Plaintiff has not shown good cause why his case should not be dismissed for failure to prosecute. Having retained an attorney, Plaintiff responds with a submission that does not offer a plan to complete proceedings within sixty days as ordered or, for that matter, any other period of time, and offers no explanation for Plaintiff's nearly two-year failure to prosecute his claims. Instead, Plaintiff seeks to relitigate dismissed claims and assert entirely new claims.

The court ordered the case closed. This timely appeal followed.

## DISCUSSION

### I. Standard of Review

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with

7

[the] rules or a court order."  A district court considering a Rule 41(b) dismissal must weigh five factors:  "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."  Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  No single factor is generally dispositive.  Nita v. Connecticut Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994).

We review a court's dismissal under Rule 41(b) for an abuse of discretion in light of the record as a whole.  Alvarez v. Simmons Mkt. Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988).  Our review is mindful, however, that such dismissals are "the harshest of sanctions" and we insist that dismissal "be proceeded by particular procedural prerequisites," including "notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard."  Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013) (collecting cases).  Finally, because the sanction of dismissal with

8

prejudice "has harsh consequences for clients, who may be blameless," we have instructed that "it should be used only in extreme situations." Id. (internal quotation marks and citations omitted). We have similarly indicated that a pro se litigant's claim should be dismissed for failure to prosecute "only when the circumstances are sufficiently extreme." LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (internal quotation marks omitted).

II.    Adequacy of the District Court's Reasoning

If the district court weighed the factors dictated by our case law before it dismissed Baptiste's case, its order does not disclose its deliberative path. As in LeSane, the "record contains no indication that the district court considered any of [the required] factors in reaching its decision to dismiss plaintiff's case for failure to prosecute." Id. at 209. We do not expect district courts to make exhaustive factual findings or to utter what, in the sentencing context, we have called "robotic incantations." United States v. Crosby, 397 F.3d 103, 113 (2d Cir. 2005). But just as we require a court to "explain enough about [a] sentence for a reviewing court both to understand it and to assure itself that the judge considered the [relevant law]" United States v. Corsey, 723 F.3d 366, 374 (2d Cir.

9

2013), "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning," Lucas, 84 F.3d at 535.

The district court's order does not refer to any of the factors relevant to a Rule 41(b) dismissal. Instead, the court dismissed the case because it was unpersuaded that Baptiste had a meritorious case or that he had a good reason for his past delay. A failure "to show cause" as to those two factors, however, is not a substitute for assessing the appropriateness of dismissal by balancing the prescribed criteria: the duration of the plaintiff's failure, the nature and timing of the court's notice to the plaintiff of possible dismissal, any prejudice to the defendant, the court's own interest in managing its docket, and the possibility of imposing a lesser sanction. As we explained in Mitchell, even when a court issues a notice of a possible dismissal and a plaintiff fails to comply with the court's directive, the court must still make a finding of "willfulness, bad faith, or reasonably serious fault" by evaluating those criteria. 708 F.3d at 467. Given the court's silence, we can only assume that the district court overlooked that requirement, and we therefore cannot say that its decision to dismiss was a reasonable one.

10

III.     Propriety of Dismissal

As we have done in other cases, "[w]e now do the factor analysis the district court should have done." Lucas, 84 F.3d at 535. See also LeSane, 239 F.3d at 209-10 (holding that district court did not adequately weigh Rule 41(b) factors and then "perform[ing] the analysis the district court did not expressly make"). In our view, none strongly favors dismissal.

First, although Baptiste's delay of almost two years in amending his complaint was excessive, the delay appears to have resulted from his illness and pro se status. After he obtained counsel, Baptiste complied with each of the court's demands in a timely fashion. The dramatic shift from incommunicado to responsive, attendant on a chronically ill pro se litigant's retention of counsel, supports Baptiste's claim that his failure to act while representing himself was the product of his own incapacities, and assuages any concern about future delays.

Second, the district court's orders did not provide clear guidance on how Baptiste could avoid dismissal. We note at the outset that the plaintiff's long period of inaction preceded any warning about the consequences of delay. Once the court issued a warning of potential dismissal, Baptiste and his counsel

11

responded in a timely fashion to all court orders. Like the order in <u>LeSane</u>, the district court's November 2012 Order to Show Cause was "brief and technical," 239 F. 3d at 210, warning only that "Plaintiff shall show cause . . . why this action should not be dismissed for failure to prosecute." Baptiste did not have counsel when he received the notice, and might not have understood what would constitute "cause" or "failure to prosecute," or what evidence he should amass to support his excuse.

The court's subsequent order, directed to Baptiste's counsel, was also unclear. The court acknowledged that Baptiste's initial December 2010 response had laid the beginnings of an explanation; the court referred to the filing and delayed "ruling on the appropriateness of dismissal." It then requested further information, none of which related to the past delay. Rather, the court ordered counsel to show "good faith merit against particular defendants," and provide "a plan for completing all necessary proceedings within 60 days." But when the court dismissed Baptiste's case months later, it chastised Baptiste's counsel for failing to "offer [an] explanation for Plaintiff's nearly two-year failure to prosecute his claims." Perhaps the court meant to criticize the tentative statements describing Baptiste's reasons for delay in his initial affirmation in

12

early December.  But if that is the case, it is unclear when the court expected counsel to provide the missing corroborating evidence and more detailed explanation that the court required.  Counsel complied with the letter of the court's December 2012 order, and cannot be faulted for failing to divine that the court also required information it did not request.[1]

Third, defendants have not pointed to any concrete way that they have suffered or will suffer prejudice due to Baptiste's delay.  Both argue that, in the words of the federal defendants, the delay has "increased the likelihood that evidence in support of . . . [their] defenses may be unavailable," but do not identify specific pieces of evidence that they have reason to believe have disappeared, nor do they specify which of their defenses might be compromised.  Nothing in the record suggests any such prejudice.

Fourth, the court did not indicate, nor do we have to reason to believe, that Baptiste's case strained its docket in any unusual way.  Although the case stalled for two years, "plaintiff's failure to prosecute in this case was silent and

---

[1] Moreover, as even the government acknowledged, the court's deadline of sixty days not only to conduct discovery but to fully dispose of the case (presumably including potential summary judgment motions and trial) was unrealistic, so that counsel's failure to produce such a plan cannot be a basis for dismissal.

unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings." Le Sane, 239 F.3d at 210. As we have explained, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." Lucas, 84 F.3d at 535-36.

Fifth, the district court has the means to move this case forward efficiently without the cudgel of extreme sanctions. The court has the power to set and enforce reasonable deadlines for discovery and motion practice. If Baptiste seeks to "relitigate dismissed claims," the court can reject those claims in a short order referencing its prior decision.[2] If Baptiste seeks to "assert entirely new claims," the court can address the merits of any motion to amend the complaint.

------

[2] We express no view on the merits of the district court's prior rulings on defendants' motion to dismiss as we do not have jurisdiction to review it at this time. See Palmieri v. Defaria, 88 F.3d 136, 139 (2d Cir. 1996) (explaining that allowing a dismissal for failure to prosecute to merge with court's prior substantive orders would result in a perverse incentive to bypass the finality rule embodied in 28 U.S.C. § 1291). We note, however, that while Baptiste may seek appellate review of those rulings after the district court enters an eventual final judgment, he remains bound by them at this time. Counsel's efforts to resist those rulings, rather than to chart a course forward that complied with them, understandably irritated the district court, and may have contributed to the decision to dismiss the case.

14

And the court may take into account the consequences of plaintiff's long delay as it addresses any such motion and schedules and oversees discovery.

In sum, the district court has substantial power to ensure that the case proceeds swiftly through discovery to disposition, and to prevent any prejudice to defendants from plaintiff's past delays. This is not an "extreme situation[]" that can only be remedied with the "the harshest of sanctions." Mitchell, 708 F.3d at 467. Thus, we conclude not only that the district court's failure to address the prescribed factors was error, but also that, had the district court performed the required analysis, it would not have dismissed the case.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is **VACATED** and we **REMAND** the case for further proceedings consistent with this opinion.