16-2478-cv
Kammona v. Midsummer Investment, Ltd.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand seventeen.

PRESENT:
    PETER W. HALL,
    GERARD E. LYNCH,
    CHRISTOPHER F. DRONEY,
        *Circuit Judges.*

_____

Amir A. Kammona,

            *Plaintiff-Appellant,*

        v.                                          16-2478

Midsummer Investment, Ltd.,
Midsummer Capital, LLC., Joshua
Thomas, Michael Amsalem,

            *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:        Amir A. Kammona, *pro se*, Lenoir City, TN.

FOR DEFENDANTS-APPELLEES:        JACK YOSKOWITZ, Seward & Kissel LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Torres, *J.*; Fox, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**, and Appellant's motion to supplement the record with exhibits not presented to the district court is **DENIED**.

Appellant Amir Kammona, proceeding *pro se*, filed a complaint in August 2014 against several defendants. Kammona objected to the form of the summonses issued by the district court's clerk's office but was informed by the district court's *pro se* office that the summonses were valid. Kammona failed to serve the defendants, even after the district court initially ordered him to serve the summonses, confirmed the validity of the summonses, granted him two lengthy extensions to complete service, and again ordered him to serve the defendants on pain of dismissal. Thereafter, in June 2016, the district court dismissed the complaint without prejudice under Federal Rule of Civil Procedure 41(b) for failure to obey a court order. Kammona now appeals. He also moves to supplement the record with a volume of exhibits not presented to the district court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under Rule 41(b), a district court may dismiss an action for failure to prosecute or comply with a district court order. Fed. R. Civ. P. 41(b). We review dismissals under Rule 41(b) for abuse of discretion. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). When dismissing a complaint under Rule 41(b), a court must

consider "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Id.* (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). However, dismissals must "be [preceded] by particular procedural prerequisites, including notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard." *Id.* at 217 (internal quotation marks omitted).

The district court did not abuse its discretion by dismissing Kammona's complaint under Rule 41(b) after considering all of the *Baptiste* factors. It gave Kammona adequate notice that he was required to serve the defendants, gave him two extensions of time to complete service, and warned him that failure to comply would result in dismissal. Despite three orders instructing him to do so, Kammona failed to serve the defendants within the deadlines imposed by the court. In its order of dismissal, the district court considered the length of Kammona's noncompliance, his notice of the noncompliance, prejudice to the defendants resulting from the delay, whether Kammona had an opportunity to be heard, and the possibility of lesser sanctions. Given that Kammona's noncompliance lasted for nearly two years, despite two extensions and instructions by the court to serve the summonses, it was reasonable for the court to dismiss the complaint. *See Baptiste*, 768 F.3d at 217

3

(noting that delay of almost two years was excessive); *cf. Lucas*, 84 F.3d at 535 (delay of 39 days was not a significant duration of noncompliance).

Kammona's arguments on appeal that the summonses were invalid and the district court failed to rule on his motion for a new summons are without merit. The district court ordered Kammona to serve the defendants. His failure to do so, in defiance of the court's orders, warranted the complaint's dismissal.

Kammona argues that he was prejudiced by the requirement that *pro se* litigants submit papers to the *pro se* office and also prejudiced by delay or errors in docketing certain submissions. These arguments fail. Courts are entitled to promulgate local rules or otherwise regulate practice, as long as they do not conflict with the Federal Rules of Civil Procedure or other federal laws. Fed. R. Civ. P. 83; *see Frazier v. Heebe*, 482 U.S. 641, 645 (1987). No rule forbids the Southern District from requiring that *pro se* litigants submit papers through the *pro se* office to ease the administrative burden of those cases. Even assuming an unreasonable delay or error in docketing submissions, Kammona has offered no plausible reason why any such delay undermines the district court's decision to dismiss. Any delay in docketing his submissions to the court does not explain his refusal to serve the defendants.

Kammona also moves to supplement the record with postal service records showing the actual delivery date of his complaint and an affidavit and screenshots from the district court's *pro se* office webpage. The affidavit is already part of the record on appeal. But the postal records and screenshots were not submitted to the district court, and the record on appeal is limited to "the original papers and exhibits

4

filed in the district court." Fed. R. App. P. 10(a)(1). While we will consider evidence that was not presented to the district court in "extraordinary circumstances," *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975), Kammona has not shown that these circumstances are extraordinary. The new exhibits have no bearing on whether the district court abused its discretion by dismissing the complaint. Thus, even if we were to grant Kammona's motion or take judicial notice of the documents, it would not change the result.

We have considered all of Kammona's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court and **DENY** Kammona's motion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5