Speer v. Seaport Capital Partners (In re Speer)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 27th day of February, two thousand nineteen.

Present:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

IN RE: SPEER,

                    *Debtor.*

_____

SHERI SPEER,

                    *Appellant,*

                                                17-1440-bk (L)
            v.                                  17-1444-bk (Con.)
                                                17-1447-bk (Con.)

SEAPORT CAPITAL PARTNERS,

                    *Appellee.*[1]

_____

[1] Because these appeals arise from the same adversary proceeding in the United States Bankruptcy Court for the District of Connecticut and present similar issues, we nostra sponte hereby consolidate these appeals for disposition and designate No. 17-1440-bk as the lead appeal. The Clerk of the Court is directed to amend the official captions in these appeals to conform with this order.

Appearing for Appellant:       Sheri Speer, Pro Se, Norwich, CT.

Appearing for Appellee:        Patrick W. Boatman, East Hartford, CT.

Appeals from the United States District Court for the District of Connecticut (Chatigny, *J.*).

  **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments and orders of said District Court be and hereby are **AFFIRMED**.

  Appellant Sheri Speer appeals from the following judgments and orders of the United States District Court for the District of Connecticut (Chatigny, *J.*): the July 13, 2016, judgment affirming the bankruptcy court's order denying Speer's motion to quash Seaport Capital Partners' ("Seaport") subpoena seeking financial records from People's United Bank, N.A. and the March 30, 2017, order denying Speer's motion for reconsideration of the same (No. 17-1440); the July 13, 2016, judgment affirming the bankruptcy court's order denying Speer's motion to quash Seaport's subpoena seeking financial records from Bank of America, N.A. and the March 30, 2017, order denying Speer's motion for reconsideration of the same (No. 17-1444); and the August 10, 2016, judgment dismissing Speer's appeal from the bankruptcy court's order denying Speer's motion to quash Seaport's subpoena seeking financial records from Liberty Bank and the March 30, 2017, order denying Speer's motion for reconsideration of the same (No. 17-1447). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

  Speer principally raises three arguments in these appeals: first, that the bankruptcy court should have quashed the subpoenas because of Seaport's purported failure to serve them on her before serving them on the banks, as she asserts is required under Rules 30 and 45 of the Federal Rules of Civil Procedure; second, that the subpoenas are overbroad; and third, that the bankruptcy court should have quashed the subpoenas to protect Speer's privacy interests in the information Seaport sought. With respect only to the appeal in No. 17-1447, Seaport argues that the district court properly dismissed Speer's appeal and likewise properly denied her motion for reconsideration.

  "We exercise plenary review over a district court's affirmance of a bankruptcy court's decision, reviewing *de novo* the bankruptcy court's conclusions of law, and reviewing its findings of fact for clear error." *AZN Sec., Inc. v. Giddens (In re Lehman Bros. Inc.)*, 808 F.3d 942, 946 (2d Cir. 2015) (internal quotation marks omitted). In light of the "wide discretion in its handling of pre-trial discovery" a trial court enjoys, we will reverse a bankruptcy court's decision to deny a motion to quash a subpoena "only upon a clear showing of an abuse of discretion." *DG Creditor Corp. v. Dabah (In re DG Acquisition Corp.)*, 151 F.3d 75, 79 (2d Cir. 1998) (internal quotation marks omitted).

  To the extent that Speer has properly preserved her arguments regarding Seaport's purported failure to provide her with advance notice of the subpoenas, her arguments are without merit. Federal Rule of Civil Procedure 45 required Seaport to serve on Speer "a notice and a copy of the subpoena[s]" before it served the subpoenas on the respective banks. Fed. R. Civ. P.

2

45(a)(4); *see also* Fed. R. Bankr. P. 9016 (making Federal Rule of Civil Procedure 45 applicable to bankruptcy proceedings).

Here, however, Speer has not made a clear showing that the bankruptcy court exceeded the bounds of its discretion because she has not explained how Seaport's purported failure—providing simultaneous, or nearly simultaneous, notice to Speer and the banks, rather than advance notice to Speer—caused her any prejudice. Courts in this Circuit routinely decline to quash subpoenas automatically based on noncompliance with notice requirements absent some showing of prejudice. *E.g.*, *Malmberg v. United States*, No. 5:06-cv-1042 (FJS/GHL), 2010 WL 1186573, at *2 (N.D.N.Y. Mar. 24, 2010); *Ragusa v. United Parcel Serv.*, No. 05 Civ. 6187 (WHP), 2008 WL 4200288, at *1 (S.D.N.Y. Sept. 12, 2008); *see also Symeou v. Hornbeam Corp. (In re Hornbeam Corp.)*, 722 F. App'x 7, 11 (2d Cir. 2018) (summary order) (finding "no abuse of discretion" in a district court's decision not to quash or vacate a subpoena based on a finding that the movant "did not establish prejudice from the lack of notice"). On that score, as the district court observed, Seaport's alleged technical noncompliance did not prevent Speer from moving to quash and vigorously litigating the propriety of the subpoenas at issue in these appeals.

Nor did the bankruptcy court act outside the bounds of its discretion by declining to conclude that Seaport's subpoenas were overbroad. Contrary to Speer's characterization of the subpoenas, they sought specific categories of documents within a sufficiently limited temporal scope. More significantly, Speer has not made a clear showing that the documents Seaport sought were so untethered to the allegations in the adversary proceeding complaint that the bankruptcy court was compelled to quash the subpoenas. *See* Fed. R. Civ. P. 26(b)(1) (requiring discovery materials to be relevant to a "claim or defense and proportional to the needs of the case"); Fed. R. Bankr. P. 7026 (making Federal Rule of Civil Procedure 26 applicable in adversary proceedings).

Speer's argument regarding her privacy interests similarly lacks merit. As to the records related to the various limited liability companies, Speer has not provided any legal authority for the proposition, or an adequate factual basis to conclude, that she has a privacy interest in those companies' records. As to the records related to Speer's personal financial records, Speer argues that her privacy interest in those records is sufficient to provide her with standing to contest the subpoenas and pursue these appeals. She has not explained how that privacy interest made the financial records an inappropriate subject of discovery in an adversary proceeding in which Seaport alleged, in substance, that Speer concealed and withheld information about her assets and finances in the underlying bankruptcy proceeding.

Finally, with respect only to the appeal in No. 17-1447, Speer argues, in substance, that the district court erred by dismissing her appeal because it did not afford her sufficient latitude as a pro se litigant. We review a district court's dismissal under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute or comply with a court order "for an abuse of discretion in light of the record as a whole," remaining mindful "that such dismissals are the harshest of sanctions." *Baptiste v. Sommers*, 768 F.3d 212, 216-17 (2d Cir. 2014) (internal quotation marks omitted). In this case, however, we need not decide whether the district court acted outside the bounds of its discretion by dismissing Speer's appeal, because, as explained above, Speer's

arguments lack merit. In other words, even if we were to find error in the district court's dismissal, that would not serve as a basis for reversal because we identify no reversible error in the bankruptcy court's orders.

We have considered the remainder of Speer's arguments and find them to be without merit. Accordingly, the judgments and orders of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4