21-2408
Sanchez v. Dutchess Cnty. Dep't of Cmty. & Fam. Servs.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of April, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> RICHARD C. WESLEY,
> BETH ROBINSON,
> *Circuit Judges.*

_____

Matthew Sanchez, Tianna S. Sanchez,

> *Plaintiffs-Appellants*,

> v.                                                                    21-2408

County of Dutchess, Benjamin Doty, Glen Brown, Candace Lynch,

> *Defendants-Appellees*,

Dutchess County Dept. of Community & Family Services, Dutchess County Dept. of Probation, Webutuck School District, Millerton Police Dept., Hon, Joseph Egitto,

**Hon. Casey McCabe,**

*Defendants.*

_____

FOR PLAINTIFFS-APPELLANTS: Matthew Sanchez, *pro se*,
Tianna Sanchez, *pro se*,
Glenham, NY.

FOR DEFENDANTS-APPELLEES: David L. Posner, McCabe
& Mack LLP,
Poughkeepsie, NY, *for*
Appellees.

Appeal from an order of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **VACATED**.

Plaintiffs-Appellants Matthew and Tianna Sanchez, proceeding without legal representation, appeal the district court's order dismissing their case under Fed. R. Civ. P. 41(b) for failure to prosecute.

In September 2018, the district court stayed the underlying action pending resolution of related state court proceedings in New York, and directed the parties to provide periodic status updates. On June 14, 2021, Defendants-Appellees wrote a letter to the district court, informing it that the New York Appellate Division rendered its decision. On June 15, 2021, the district court issued a notice written on Defendants' June 14 letter, asking Plaintiffs to tell the district court how they wanted to proceed. The

district court wrote that if Plaintiffs did not respond within two weeks, it would assume that they did not want to pursue their federal court action and the district court would dismiss the action without prejudice. On July 14, 2021, having not heard from Plaintiffs, the district court dismissed the action "without prejudice for failure to prosecute." On July 26, 2021, Plaintiffs wrote to the district court requesting "an update in [their] case" and stating that they "have not received any documents from the court or the defendant's counsel." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court's decision to dismiss a case under Rule 41(b) for a plaintiff's failure to prosecute the case is a discretionary determination that we review for abuse of discretion. *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009). "Abuse of discretion" is a term of art that does not connote abusive conduct in the ordinary sense of that term. *See In re The City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010). A district court abuses its discretion when its "decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or when its ruling cannot be located within the range of permissible decisions." *Lewis*, 564 F.3d at 575.[1]

Under Rule 41(b), the district court may "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v.*

---

[1] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

*Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).  Dismissal under Rule 41(b) is a "harsh remedy" and should not be used often, especially when, as here, the plaintiff appears before the court without an attorney.  *See Lewis*, 564 F.3d at 575–76; *see also Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (explaining that a *pro se* litigant's case "should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme").

Although a district court has the discretion to dismiss a case under Rule 41(b), its discretion is not limitless.  Before a district court decides to dismiss a case under Rule 41(b), it must consider the following five factors: (1) whether the plaintiff's failure to prosecute caused significant delay; (2) whether the plaintiff was notified that further delay would result in dismissal; (3) whether further delay would prejudice the defendant; (4) whether the court carefully balanced its need to make sure it can continue to efficiently tend to other cases that come before against the plaintiff's right to argue their case; and (5) whether the court adequately considered whether a less harsh sanction would be as effective.  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Baptiste*, 768 F.3d at 216 ("No single factor is generally dispositive.").  We have also held that before dismissing a case, the district court must make a finding that the plaintiff failed to prosecute the case intentionally, in bad faith, or with reasonable fault. *Baptiste*, 768 F.3d at 217, 219.  We need not decide whether this requirement applies to a dismissal without prejudice, as in this case, because we vacate and remand for the reasons set forth below.

4

We do not require a district court to discuss these five factors on the record, but "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000).

The entirety of the district court's order is as follows:

> The Court has heard nothing from Plaintiffs since its order of June 14, 2021 (Doc. 86). Accordingly, the claims in this case are dismissed without prejudice for failure to prosecute. The Clerk shall send Plaintiffs a copy of this text order and close the case.

D. Ct. Dkt. No. 87 (July 14, 2021).

Given the factors pointing against dismissal, we cannot evaluate whether the district court exceeded its discretion in dismissing Plaintiffs' case. For example, the one-month delay is not necessarily a "significant duration." *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 486 (2d Cir. 1994) (holding that a delay of less than two months weighed against dismissal). The record is also unclear as to whether Plaintiffs received notice in light of their July 26, 2021 letter requesting an update. We do note, however, that the various status updates provided by defense counsel to the district court, as well as the district court's June 14 order, were mailed to the post office box identified by Plaintiffs as their address.

We further cannot identify evidence that the one-month delay prejudiced Defendants or that it added to the congestion of the district court in any way. *See Lucas v. Miles*, 84 F.3d 532, 535–36 (2d Cir. 1996) (holding that the prejudice factor weighed

5

against dismissal where there was "absolutely no evidence" that the delay "prejudiced the defendants in any way" and that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."). In arguing that "four years had elapsed" since the events subject to this action, Appellee Br. 10, Defendants overlook the cause of the four-year delay—the district court's appropriate abstention pending resolution of the family and criminal court proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971).

In dismissing the case without prejudice, the district court clearly considered less severe sanctions than dismissal with prejudice, but we cannot tell whether and how it considered the other factors. We thus remand for reconsideration of the dismissal order.

We decline Defendants' request that we affirm the dismissal of Dutchess County as a party to the underlying action, as the scope of this appeal is limited to review of the dismissal order. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 191–93 (2d Cir. 1999) (holding that an interlocutory summary judgment order was not reviewable on an appeal from an order dismissing an action on Rule 41(b) grounds).

Accordingly, we **VACATE** the district court's dismissal order, and we **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6