23-463-cv
Peters v. CBS Viacom

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of November, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> RICHARD C. WESLEY,
> DENNY CHIN,
> *Circuit Judges.*

_____

Nubia Peters,

> *Plaintiff-Appellant,*

> v.                                                          **23-463-cv**

CBS Viacom,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:                    Nubia Peters, pro se,
                                            New York, NY.


FOR DEFENDANT-APPELLEE:                     No appearance.


Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the matter is **REMANDED** for further proceedings.

\* \* \*

Appellant Nubia Peters, proceeding *pro se*, sued her alleged former employer, CBS Viacom, for discriminating against her after she requested a medical and religious exemption from a vaccination requirement.   After granting Peters's application to proceed *in forma pauperis* ("IFP"), the district court ordered the court clerk to draft a summons and the U.S. Marshals Service to deliver the filed complaint and drafted summons to the defendant pursuant to 28 U.S.C.

2

§ 1915(d) and Federal Rule of Civil Procedure 4(c)(3), which require officers of the court to issue and serve process on behalf of a plaintiff proceeding IFP.

However, the U.S. Marshals were unable to complete service at the defendant's office in New York City. According to a process receipt dated November 1, 2022, CBS Viacom would not accept service at its Manhattan address; the Marshals were "[a]dvised" (the receipt did not indicate by whom) to attempt service at 80 State Street in Albany, New York instead. Marshal's Process Receipt and Return of Service Unexecuted, *Peters v. CBS Viacom*, No. 1:22-cv-6287, ECF No. 10 (S.D.N.Y. July 24, 2022). Another receipt from the next day contained similar information, with the Marshals advised to "try alternate sites." *Id*. at ECF No. 12.

The district court initially extended the deadline to serve CBS by a month but did not direct Peters to take any action herself. After that date came and went with no docket activity, the district court entered another short order that recounted the initial attempt at service and the advice to try instead in Albany. The order also reflected that the Marshals had "informed the Court" that they had advised Peters to submit "an amended summons and complaint in order to serve CBS Viacom at the Albany address." Order, *Peters v. CBS Viacom*, No. 1:22-cv-

3

6287, ECF No. 13 (S.D.N.Y. July 24, 2022). The court therefore ordered Peters to take "necessary steps" within the next 25 days to effectuate service, "including by submitting an amended summons and complaint," or else "show cause why the case should not be dismissed for failure to prosecute." *Id.* at 2.

Peters did not file anything in the allotted time. Seven days after the deadline, the district court dismissed the case without prejudice for failure to prosecute. The order recounted the procedural history of the case but contained no additional reasoning. Peters appealed.

## I. Standard of Review

We review dismissals for failure to prosecute under Federal Rule Civil Procedure 41(b) for abuse of discretion. *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam). An abuse of discretion occurs when a decision "rests on an error of law" or a "clearly erroneous factual finding," or "cannot be located within the range of permissible decisions." *Buon v. Spindler*, 65 F.4th 64, 74 (2d Cir. 2023) (internal quotation marks and citation omitted); *see also United States v. Nieves*, 58 F.4th 623, 632 n.1 (2d Cir. 2023) (emphasizing that "abuse of discretion"

4

is a "nonpejorative term of art" that "implies no misconduct on the part of the district court" (internal quotation marks and citation omitted)).

In this specific context, the scope of the district court's discretion is somewhat circumscribed. Because dismissals for failure to prosecute "are the harshest of sanctions," any dismissal must be "proceeded by particular procedural prerequisites," and a pro se litigant's claim should be dismissed only "when the circumstances are sufficiently extreme." *Baptiste*, 768 F.3d at 217 (internal quotation marks and citation omitted).

Thus, before dismissing a complaint for failure to prosecute, a court must weigh five relevant factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Id.* at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). Generally, no factor by itself is dispositive. *Id.* A court must make a finding of "willfulness, bad faith, or reasonably serious fault" by evaluating all of the factors. *Id.* at 217

5

(internal quotation marks and citation omitted). And while a failure to discuss these factors does not itself require remand, "a decision to dismiss stands a better chance on appeal if the appellate court has the benefit of the district court's reasoning." *Lucas*, 84 F.3d at 535.

## II. Discussion

Here, the court did not consider the five factors and assess whether Peters was acting with "willfulness, bad faith, or reasonably serious fault." *Baptiste*, 768 F.3d at 216–17. Under our own assessment of the factors and other relevant considerations, *see id.*, we do not think that dismissal was warranted, at least at this early stage.

### a. Duration of Noncompliance

The relevant delay, from the time Peters was ordered to amend documents to enable the Marshals to effectuate service up to the eventual dismissal, was just over one month. We have held that even a delay of nearly two months was short enough to weigh against dismissal. *See Nita v. Conn. Dep't of Env't. Prot.*, 16 F.3d 482, 486–87 (2d Cir. 1994).

6

More saliently, the court ordered the court clerk to create the original summons and the Marshals to serve the summons and complaint, and advised Peters that she was not responsible for either of those aspects of serving her complaint. In fact, the court's order informed Peters that by proceeding IFP, she was "entitled to rely" on the court and the Marshals "to effect service." Order of Service, *Peters*, No. 1:22-cv-6287, ECF No. 5. It was reiterated to Peters, through the information packet from the court, that plaintiffs proceeding IFP need not "determine on [their] own how to serve [a] summons and complaint." Information Package Mailed, *Peters*, No. 1:22-cv-6287, ECF No. 8.

Assuming without deciding that it was permissible to shift responsibility for preparation of an amended summons and complaint from the "officers of the court," 28 U.S.C. § 1915(d), to Peters after the Marshals were told of the better address to use for service, Peters may not have realized that she was being tasked with that responsibility for the first time in the court's penultimate order, which did not otherwise explain why the burden had been shifted. Accordingly, the brief delay, for which Peters may not have been entirely responsible, does not weigh in favor of dismissal.

7

### b. Pre-Dismissal Warning

Second, Peters was told that she must take the required steps to effectuate service or "show cause why the case should not be dismissed for failure to prosecute." Order, *Peters*, No. 1:22-cv-06287, ECF No. 13. While this is not quite a warning that the case *would* be dismissed for failure to prosecute *if* she did not comply, it nevertheless serves as partial notice of the possibility of dismissal, and thus weighs somewhat against Peters.

### c. Prejudice to the Defendant

Third, there is no suggestion in the record that the one month-long delay prejudiced the defendant. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (deciding factor weighed against dismissal where "no indications that the delay increased the litigation costs defendants had to bear or reduced (perhaps due to decaying evidence) their likelihood of success on the merits"); *Lucas*, 84 F.3d at 535 (concluding that the prejudice factor weighed against dismissal where there was "absolutely no evidence" that the delay "prejudiced the defendants in any way"). This factor weighs against dismissal.

### d. Docket Management and Plaintiff's Interest in Being Heard

The fourth factor requires a district court to balance its need to alleviate calendar congestion against the plaintiff's right to a day in court. *Baptiste*, 768 F.3d at 218–19. We have explained that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535–36. There is no indication in the record that Peters's failure to either timely effectuate service or respond created a burden for or added to the congestion of the district court. Accordingly, the balance-of-interests factor weighs against dismissal.

### e. Consideration of Lesser Sanctions

Finally, the district court did dismiss Peters's complaint without prejudice, indicating that it considered less severe sanctions than a pure with-prejudice dismissal. *See Sanchez v. Cnty. of Dutchess*, No. 21-2408, 2023 WL 3047971, at *2 (2d Cir. Apr. 24, 2023) (summary order). However, the consideration of lesser sanctions does not counterbalance the other factors, which generally tip in Peters's favor. *See also Sanchez*, 2023 WL 3047971, at *2 (remanding where "[i]n dismissing the case without prejudice, the district court clearly considered less severe

9

sanctions than dismissal with prejudice, but we cannot tell whether and how it considered the other factors"). Here, the district court's statement that Peters had not responded to the court's order instructing her to submit an amended summons and complaint does not tell us whether and how the other factors were considered. Accordingly, this factor weighs against dismissal.

* * *

For the above reasons, we conclude that the dismissal here was premature, especially considering the shift in responsibility from court staff to Peters and the straightforward nature of the service defect. Accordingly, we **VACATE** and **REMAND** for further proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court