23-851-cv
Guarniere v. City of N.Y.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of April, two thousand twenty-four.

PRESENT: RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
SARAH A. L. MERRIAM,
*Circuit Judges.*

------------------------------------------------------------------

DAMIEN GUARNIERE,

*Plaintiff-Appellant,*

v.                                                                      No. 23-851-cv

CITY OF NEW YORK,

*Defendant-Cross-Defendant-Appellee,*

OMAR IBRAHIM,

*Defendant-Cross-Claimant-Appellee,*

JOHN OR JANE DOE 1-10,

*Defendant-Appellee*.

------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | Sang J. Sim, Sim & DePaola, LLP, Bayside, NY |
| FOR APPELLEE CITY OF NEW YORK: | Richard Dearing, Jane L. Gordon, Amanda Abata, Assistant Corporation Counsel, *for* Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY |
| FOR APPELLEE OMAR IBRAHIM: | Douglas LaBarbera, LaBarbera & Associates P.C., New York, NY |

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff-Appellant Damien Guarniere appeals from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*) dismissing his case under Federal Rule of Civil Procedure 41(b) for failure to prosecute. We assume the parties' familiarity with the underlying facts and the

2

record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Guarniere sued the City of New York and Officer Omar Ibrahim in February 2021, alleging violations of federal, state, and city law in connection with his May 2020 arrest.  From the outset, the litigation was marred by Guarniere's failure to prosecute his case and to comply with court deadlines and discovery orders.  Indeed, he made no attempt to conduct discovery until after the close of fact discovery.  He also failed to timely oppose the Defendants' motions for partial summary judgment.

On April 1, 2023, Guarniere filed a facially deficient joint pretrial order, after the court-ordered deadline of March 31, 2023, and despite the District Court's warning that "[a]ny failure to file timely may result in dismissal for failure to prosecute."  Joint App'x 314.  On April 3, 2023, the City moved to dismiss the case for failure to prosecute.  That same day, the District Court ordered Guarniere to show cause why it should not strike most of his witnesses and bar him from offering documentary evidence at trial.  It also ordered him to file any opposition to the City's motion to dismiss by April 6, 2023.  When

Guarniere failed to meet the deadline to respond to the order to show cause, the District Court dismissed his case for failure to prosecute.

We review a district court's decision to dismiss a case for failure to prosecute for abuse of discretion, considering "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quotation marks omitted). "No single factor is generally dispositive," *id.*, and "the district court is not required to discuss the factors on the record," *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999).

Reviewing the record in its entirety, we discern no abuse of discretion. First, Guarniere's delay was significant, as evidenced by his consistent failure to comply with court scheduling orders. Second, the District Court notified Guarniere that delay could result in dismissal, but Guarniere nevertheless failed to comply with two subsequent deadlines, including one in which he was

4

ordered to respond to the City's motion to dismiss. Third, because memories fade and evidence can be lost over time, "prejudice to defendants resulting from unreasonable delay may be presumed." *Shannon*, 186 F.3d at 195 (quotation marks omitted). Fourth, the District Court could reasonably conclude that its interest in managing its docket ultimately outweighed Guarniere's interest in being heard on the merits of his claim. Here, the docket had ballooned as a result of filings related to Guarniere's delays and failures to comply with court orders, and Guarniere repeatedly failed to capitalize on several opportunities to be heard. Fifth and finally, the District Court explored sanctions short of dismissal, but none of them mitigated Guarniere's failure to comply with its deadlines and orders. For example, Guarniere continued to miss deadlines after the District Court denied his requests for extension to conduct discovery and to respond to the Defendants' motions for partial summary judgment. Under these circumstances, the District Court acted within its discretion to dismiss the case.[1]

---

[1] Guarniere's notice of appeal indicates that he also intended to challenge the District Court's grant of partial summary judgment and denial of his motion for reconsideration. As his briefs on appeal fail to raise those challenges, we conclude that they are abandoned.

We have considered Guarniere's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court