23-267-pr (L)
Long v. Lian

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand twenty-four.

PRESENT:  JOHN M. WALKER, JR.,
          RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
                    *Circuit Judges.*

------------------------------------------------------------------

VINCENT S. LONG,

     *Plaintiff-Appellant*,

    v.                                               Nos. 23-267-pr,
                                                           23-6969-pr

MAJOR CHRISTOPHER LIAN (RETIRED), MAJOR MATTHEW WHITMORE, CAPTAIN CHRISTOPHER HAND, SHERIFF JOEL ORDWAY (RETIRED), SHERIFF DAVID COLE,

SERGEANT JUSTIN MILLS, COUNTY OF
STEUBEN,

          *Defendants-Appellees.**

-------------------------------------------------------------------

FOR APPELLANT:                     BRIAN A. SUTHERLAND,
Complex Appellate Litigation
Group LLP, San Francisco, CA

FOR APPELLEES:                   DAVID H. FITCH, Underberg &
Kessler LLP, Rochester, NY

Appeal from a judgment and order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and order of the District Court are AFFIRMED.

Plaintiff-Appellant Vincent S. Long appeals from a judgment of the United States District Court for the Western District of New York (Wolford, *C.J.*) dismissing his case under Western District of New York Local Rule of Civil Procedure 41(b) for failure to prosecute. Long also appeals from a July 24, 2023 order of the District Court denying his motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b). We assume the parties' familiarity with

---

* The Clerk of Court is directed to amend the caption as set forth above.

the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

In July 2016 Long filed a *pro se* complaint against the Defendants-Appellees alleging that they acted with deliberate indifference to his medical needs while he was detained in Steuben County Jail, in violation of his rights under the Eighth Amendment. He amended his complaint in October 2017 to add a defendant and a claim that his rights under the Fourteenth Amendment were violated as well.

In December 2022, after the close of discovery and the deadline for dispositive motions passed, the District Court scheduled a trial date status conference for January 11, 2023. When the Defendants' counsel moved to adjourn the conference, the District Court rescheduled it for January 13 and instructed: "*Pro se* plaintiff and all attorneys who will try the case are required to attend in person and be prepared to set a trial date." Joint App'x 9. The Defendants' counsel appeared at the conference; Long did not. Later that day, the District Court ordered Long to show cause by February 13, 2023 why it should not dismiss the case for failure to comply with the court's directives or to prosecute. Four days later, after Long failed to meet the February 13 deadline,

3

the District Court dismissed his case pursuant to the Western District's Local Rules of Civil Procedure.[1]   On March 8, 2023, the District Court received an untimely letter response from Long, which the court "liberally construe[d]" as a post-judgment motion to reopen the case.   Joint App'x 9.   On July 24, 2023, the District Court denied the motion to reopen the case pursuant to Rule 60(b) or, in the alternative, pursuant to Rule 62.1(a)(2).

## I.    February 2023 Dismissal Order

We review a district court's decision to dismiss a case for failure to prosecute for abuse of discretion, considering:

(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the

---

[1] Western District of New York Local Rule of Civil Procedure 41(b) provides in relevant part:

If a civil case has been pending for more than six (6) months and is not in compliance with the directions of the Judge or a Magistrate Judge, or it no action has been taken by the parties in six (6) months, the Court may issue a written order to the parties to show cause within thirty (30) days why the case should not be dismissed for failure to comply with the Court's directives or to prosecute.   The parties shall respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed. . . .   If the parties fail to respond, the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires.

4

court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quotation marks omitted).

"No single factor is generally dispositive," *id.*, and "the district court is not required to discuss the factors on the record," *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 (2d Cir. 1999); *see Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) ("The scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion . . . in light of the full record in the case.").

Unfortunately, the dismissal order did not expressly refer to these five factors, and it would have been preferable and would have facilitated our review had the District Court done so. Nonetheless, after reviewing the record in its entirety, we discern no abuse of discretion in the District Court's decision to dismiss Long's case. Factors two through four clearly support dismissal. First, the District Court warned Long that failure to respond to the show cause order "may result in the dismissal of this action" and expressly invoked Local Rule 41(b). Joint App'x 254. Second, because memories fade and evidence can be lost over time, "[p]rejudice to defendants resulting from unreasonable delay may

5

be presumed." *Shannon*, 186 F.3d at 195 (quotation marks omitted). Third, as the District Court later noted, it had a congested calendar and had already scheduled several trials since the date of the missed status conference. The District Court thus could reasonably conclude that its interest in managing its docket outweighed Long's interest in being heard, and that Long's failure to attend the conference and to submit a timely response to the show cause order undermined its ability to manage its docket. Those same failures could also have reasonably indicated Long's lack of interest in being heard on the merits.

The other two factors present closer questions. First, although missing a deadline by four days is not a significant delay, Long's failure to comply with court orders began a month earlier in January 2023 and must be viewed in light of Long's failure to prosecute the case for significant stretches of time from the second half of 2021 through 2022. *See id.* at 194. Second, the District Court could reasonably have concluded that lesser sanctions would not have been effective given Long's history of dilatory prosecution. *See id.* at 196.

## II. July 2023 Order Denying Motion to Reopen

We review the District Court's denial of a Rule 60(b) motion for abuse of discretion. *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 249 (2d Cir.

6

1997).   Rule 60(b)(1) permits a court to "relieve a party . . . from a final judgment, order, or proceeding for . . . excusable neglect."   *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Canfield*, 127 F.3d at 249-50.   "Our Circuit focuses closely on . . . the reason for the delay, including whether it was within the reasonable control of the movant."   *Padilla v. Maersk Line, Ltd.*, 721 F.3d 77, 83 (2d Cir. 2013).   "[D]elay attributable solely to a defendant's failure to act with diligence cannot be characterized as excusable neglect."   *Id.* at 84 (quotation marks omitted).

We discern no abuse of discretion.   In an affidavit, Long blamed his failure to attend the January 13, 2023 conference on his illness.   He also asserted that he mailed a letter to the District Court on January 19, 2023 in response to the show cause order, which required him to respond by February 13, 2023.   As the District Court noted, however, Long's letter response was dated January 19, 2023 but postmarked March 6, 2023.   This discrepancy along with other misstatements by Long "call[ed] into question the reliability of all his representations" to the court.   Joint App'x 296.   In addition, Long provided no evidence to corroborate his assertion that he was ill during the relevant time period.   The District Court further observed that Long did not appear on

7

January 11, 2023, even though he acknowledged receiving the original order scheduling the conference for that day.[2]  Based on this record, the District Court acted within its discretion when it found that Long failed to show good cause for his untimely response and demonstrated a lack of good faith in seeking reinstatement of his case.   Moreover, as discussed above, the District Court had a reasonable basis to be concerned about calendar congestion and the danger of prejudice to the Defendants.   Accordingly, we discern no abuse of discretion.

---

[2] Long asserts that he was not home to have timely received the court's correspondence, but his failure to keep the court apprised of changes to his contact information does not constitute excusable neglect.   *See Alexander v. Saul*, 5 F.4th 139, 150 n.7 (2d Cir. 2021).

**CONCLUSION**

We have considered Long's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment and order of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court